IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK SEPP, )<br>#92880, )<br>)<br>　　　Plaintiff, )<br>) Case No. 18−cv–515−SMY<br>vs. )<br>)<br>STATE OF ILLINOIS, )<br>)<br>　　　Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Derrick Sepp, an inmate at Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims the State of Illinois allows certain convictions without sufficient proof, in violation of the Fifth and Fourteenth Amendments. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss this case.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: "[f]or one particular type of crime Illinois has lowered this 'highest burden of proof the law can impose' to the ground, such that only for sex charges the 'positive and credible testimony of a single witness [the alleged victim] is sufficient to convict.'" (Doc. 1, p. 4). Plaintiff claims that this alleged practice is discriminatory against people accused of sex crimes. (Doc. 1, p. 6). He asserts that he is "up against" this "blatant double standard." (Doc. 1, p. 8). He asks this Court "to intervene and stop such illegal practices by the State of Illinois." (Doc. 1, p. 12). Plaintiff also claims that the lengthy statute of limitations for sex crimes in Illinois "sets people such as [Plaintiff] up for failure because no reasonable person should be expected to keep records from so long ago." (Doc. 1, p. 18).

Plaintiff maintains that his conviction would be impossible if the State applied the same burden of proof to his alleged crime that it does to all others, and therefore, Illinois should not be holding him in custody. (Doc. 1, p. 21). He seeks this Court's intervention now, prior to his

conviction "based on an unfair and illegal law." *Id.*

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** The State of Illinois violates Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments by requiring a lower burden of proof for conviction of sex crimes than for other crimes and by having a lengthy statute of limitations associated with sex crimes.

Any other intended claim that has not been recognized by the Court is considered dismissed as inadequately pleaded under the *Twombly* pleading standard.

Count 1 does not survive screening and will be dismissed with prejudice. Plaintiff seeks this federal court's intervention into his pending state criminal case, claiming the prosecution would not have sufficient evidence to convict him under an appropriate standard of proof, so he should be released from custody. This Court's intervention would be improper for numerous reasons.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court announced the abstention doctrine. The doctrine discourages federal courts from taking jurisdiction over federal constitutional claims when doing so would interfere with pending state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Specifically, under the *Younger* abstention doctrine, federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d

661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). An exception to the *Younger* doctrine is sometimes triggered by "extraordinary" or "special" circumstances that may include double jeopardy or the denial of a speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573.

The *Younger* abstention doctrine is implicated here. Plaintiff seeks this Court's intervention in his pending state criminal proceedings in Madison County Circuit Court. These proceedings are judicial in nature and involve important state interests, *i.e.*, the adjudication of state criminal law violations. Plaintiff does not suggest that he is unable to seek meaningful review of his federal constitutional claims in the context of those proceedings. He also offers no extraordinary reason why this Court's intervention in any of these matters is necessary. The litigation of Plaintiff's constitutional claims in federal court could certainly undermine his ongoing state criminal proceedings. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)).

Typically, a federal district court that is presented with a colorable federal civil rights claim for money damages should stay the federal claim, rather than dismiss it. This preserves the claim, so that it does not become time-barred while the criminal matter remains pending. But this is not the typical case. A stay of Plaintiff's constitutional claims is not warranted because the State of Illinois, the only named defendant in this case, is not a "person" subject to suit under

§ 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also* 42 U.S .C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .").

Additionally, Plaintiff requests release from confinement and this Court has no authority to order his release. Such requests are more appropriately brought in a habeas petition filed in state or federal court.

For each of the foregoing reasons, Plaintiff's Complaint is dismissed with prejudice. The Court declines to intervene in the pending state criminal proceedings Plaintiff now seeks to challenge. Further, the Court declines to stay this matter until the criminal case has concluded as the Complaint asserts no non-frivolous constitutional claims against the State of Illinois.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) are **DENIED** as moot.

Plaintiff's Motion to Have Filing Fees Waived, Not Taken from Inmate Account (Doc. 7) will be addressed in a separate order of this Court.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice because it is frivolous. Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** with prejudice because they are also frivolous.

**IT IS FURTHER ORDERED** that Defendant **STATE OF ILLINOIS** is **DISMISSED** from this action with prejudice for the reasons stated above.

This Order in no way precludes Plaintiff from pursuing relief under state law or seeking state or federal habeas relief. *See Polk Co. v. Dodson*, 454 U.S. 312, n.18 (1981). Further, the dismissal of this action is without prejudice to Plaintiff bringing a future civil rights suit against a non-immune defendant involved in his arrest or detention, following the conclusion of his pending state prosecution. Nothing herein shall be considered a comment on the potential merits of such a suit.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 6, 2018**

                                                  s/ STACI M. YANDLE
                                                  **U.S. District Judge**